IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| SHELLEY BROWN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| FEDERAL EXPRESS CORPORATION; | § | |
| THE FEDERAL EXPRESS | § | |
| CORPORATION | § | |
| SHORT TERM DISABILITY PLAN; | § | |
| THE FEDERAL EXPRESS | § | |
| CORPORATION | § | |
| LONG TERM DISABILITY PLAN | § | |
| | § | |
| Defendants. | § | |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE
ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW, Plaintiff, Shelley Brown, and makes the following representations to the

Court for the purpose of obtaining relief from Defendants' refusal to pay short term disability

(STD) and long term disability (LTD) benefits due under ERISA employee benefit plans, and for

Defendants' other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1.      This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. §

1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as

defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s]

under ERISA."

2.      The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at

29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits

denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3.      Venue is proper within the Western District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2), as the district in which the breach took place, as the district in which the Plan is administered, and as the district in which the defendants may be found.

## PARTIES

4.      Plaintiff, Shelley Brown, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Shelby County, Tennessee.

5.      Plaintiff alleges upon information and belief that Defendant Federal Express Corporation Short Term Disability Plan (hereinafter "the STD Plan"), is and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA.  According to STD Plan documents, the Plan may be served with process by serving the Plan Administrator, Federal Express Corporation, 3630 Hacks Cross Road, Building C, 3rd Floor, Memphis, Tennessee 38125.

6.      Plaintiff alleges upon information and belief that Defendant Federal Express Corporation Long Term Disability Plan (hereinafter "the LTD Plan"), is and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA.  According to the Summary Plan Description for the LTD Plan, the LTD Plan may be served with process by serving the Plan Administrator, Federal Express Corporation, 3630 Hacks Cross Road, Building C, 3rd Floor, Memphis, TN 38125.

7.      Defendant Federal Express Corporation (hereinafter "FedEx"), a Delaware Corporation, is the Plan Administrator authorized to transact business in this state, and may be served with process through Federal Express Corporation, 3630 Hacks Cross Road, Building C, 3rd Floor, Memphis, Tennessee 38125.

8.      Plaintiff alleges upon information and belief that Federal Express Corporation (hereinafter "Employer") was Plaintiff's employer, throughout the relevant time periods and is the Plan Sponsor of the STD Plan and LTD Plan.

## FACTS

9.      The Plaintiff was employed by Employer in their Memphis, Tennessee location, where the STD Plan and LTD Plan were administered.

10.     Costs of both the STD Plan and LTD Plan are paid from the general assets of the STD Plan and LTD Plan Sponsor.

11.     The Plaintiff is a participant or beneficiary of both the STD Plan and the LTD Plan.

12.     The Plaintiff ceased work due to a disability while covered under both the STD Plan and the LTD Plan.

13.     The Plaintiff has been and continues to be disabled as defined by the provisions of the STD Plan and LTD Plan.

14.     The Plaintiff timely filed an application for benefits under the STD Plan.

15.     In a letter dated May 25, 2012, Aetna Life Insurance Company (hereinafter "Aetna"), claims administrators for the STD Plan, informed Plaintiff that her application for STD benefits was denied.

16.     In accordance with the review procedures set forth in the STD Plan, 29 U.S.C. §1133, and 29 C.F.R. §2560.503-1, Plaintiff appealed the claim until exhausting the required STD Plan procedures.

17.     By letter dated August 7, 2012, Plaintiff requested a copy of the LTD Plan documents from Aetna.

18.     In a letter dated August 7, 2012, Plaintiff requested a copy of the LTD Plan documents

and Summary Plan Description from FedEx.

19.     In a letter dated August 27, 2012, FedEx stated that it would not provide the LTD Plan Documents because Plaintiff had not exhausted short term disability benefits and could therefore not apply for long term disability benefits.  FedEx also stated that it would not provide the LTD Plan Documents because Plaintiff had not received an adverse long term disability benefits determination.

20.     Plaintiff made a second written request for LTD Plan documents from FedEx, by letter dated October 18, 2012.

21.     Plaintiff appealed the denial of her application for short term disability benefits and asked for an application for long term disability benefits by letter dated November 19, 2012.

22.     By letter dated November 28, 2012, Aetna refused Plaintiff's request for an application for long term disability benefits, stating that long term disability benefits were only available once short term disability benefits had been exhausted.

23.     By letter dated February 8, 2013, Aetna denied Plaintiff's claim for short term disability benefits, stating that its denial was final.

24.     Plaintiff has exhausted her administrative remedies under the LTD Plan.

25.     Because FedEx and Aetna both refused to consider an application for LTD benefits, any further attempts to exhaust the administrative remedies of that Plan would be futile.

26.     The entities that made the decisions to deny benefits would pay any benefits due out of their own funds.

27.     The entities that made the decisions to deny benefits were under a perpetual conflict of interest because the benefits would have been paid out of their own funds.

28.     The entities that made the decisions to deny benefits allowed their concern over their own

funds to influence their decision-making.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)

29.     Under the terms of the STD and LTD Plans and policies, FedEx agreed to provide

Plaintiff with short term and long term disability benefits in the event that the Plaintiff became

disabled as defined by the Plans.

30.     Plaintiff is disabled under the terms of both the STD and the LTD Plan.

31.     FedEx and the STD and LTD Plans failed to provide benefits due under the terms of the

Plans, and the denial of benefits to Plaintiff constitutes a breach of the Plans.

32.     The decision to deny benefits and decision-making process were arbitrary and capricious.

33.     The decision to deny benefits was not supported by substantial evidence in the record.

34.     The decision-making process did not comport with 29 U.S.C. §1133's requirements that

any notice of denial must contain the specific reasons for such denial, written in a manner

calculated to be understood by the participant and must comport with the Department of

Regulations.

35.     The decision-making process did not provide a reasonably opportunity to the Plaintiff for

a full and fair review of the decision denying the claim, as is required by 29 U.S.C. §1133 and 29

C.F.R. 2560.503-1.

36.     The appellate procedures did not provide the Plaintiff a full and fair review.

37.     As a direct and proximate result of the aforementioned conduct of the Defendant in

failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount

equal to the amount of benefits to which she would have been entitled under the Plans.

38.     As a direct and proximate result of the aforementioned conduct of the Defendant in

failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plans, plus interest and other damages, for a total amount to be determined.

**SECOND CAUSE OF ACTION**
**FOR FAILURE TO PROVIDE PLAN DOCUMENTS PURSUANT TO 29 U.S.C. §1132(c),**
**ERISA §502(c)**

39.     Despite two requests, both citing to ERISA §502(c), 29 U.S.C. §1132(c) (which requires production of documents and allows for a penalty of up to $110.00 per day for failure to comply with a request for documents) Defendant FedEx refused to provide the requested documents, in violation of ERISA.

40.     Defendant FedEx has never provided the relevant LTD Plan documents.

41.     FedEx failed to provide all relevant LTD Plan documents within 30 days of Plaintiff's written request.

42.     As an ERISA fiduciary, Defendant was responsible for providing timely, accurate, and complete information and documents to Plaintiff.

43.     Pursuant to 29 U.S.C. §1132(c), Defendant FedEx is liable to Plaintiff for penalties in an amount up to $110.00 per day from September 7, 2012, thirty days after the date of Plaintiff's first request for LTD Plan documents.

**PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant her the following relief in this case:

**On Plaintiff's First Cause of Action:**

1.     A finding in favor of Plaintiff against the Defendant;

2.     Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3.      Prejudgment and postjudgment interest;

4.      An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which she might be entitled on the basis of being disabled under the LTD plan, in the future so long as Plaintiff remains disabled under the terms of the Plan;

5.      Plaintiff's reasonable attorney fees and costs; and

6.      Such other relief as this court deems just and proper.

**On Plaintiff's Second Cause of Action**

7.      A penalty from Defendant FedEx of an amount representing up to $110 per day from September 7, 2012 through such time as the requested Plan documents are provided to Plaintiff as required pursuant to 29 U.S.C. §1132(c)(1);

8.      Plaintiff's reasonable attorney fees and costs;

9.      Prejudgment and postjudgment interest; and

10.     Such other relief as this court deems just and proper, including, but not limited to, limiting the documents that the Defendants may rely on to those documents provided to the Plaintiff prior to the filing of this suit.


        Plaintiff further requests that the Court order Defendants to provide Plaintiff with a bound copy of the ERISA record consecutively paginated.


Dated this 12th day of June, 2013.


                        Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF


BY:        *s/R. Scott Wilson*
           R. Scott Wilson (#019661)
           Jeremy L. Bordelon (#028181)
           414 McCallie Avenue
           Chattanooga  TN  37402
           (423) 634-2506
           FAX:  (423) 634-2505

8